696 So.2d 916 (1997)
Paul ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2863.
District Court of Appeal of Florida, Fifth District.
July 3, 1997.
James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
This is an Anders case in which we requested additional briefing concerning the legality of the sentence Ortiz received after *917 pleading no contest to interfering in custody,[1] a third degree felony. For this crime, Ortiz received a prison sentence of 65.6 months incarceration, followed by five years probation, for a total penalty of 125.6 months. That sentence clearly exceeds the statutory maximum of five years for a third degree felony. See section 775.082, Fla. Stat. It also exceeds plus or minus 25 percent of the recommended state prison termwhich on the upper side was 109.3 months. We agree with Ortiz that this sentence was illegal. See Green v. State, 691 So.2d 502 (Fla. 5th DCA 1997).
The state argues that Ortiz waived this issue by failing to expressly object to the sentence or file a motion to correct it, relying on Rangel v. State, 692 So.2d 277 (Fla. 5th DCA 1997) and section 924.051(3), Fla. Stat., effective July 1, 1996. The Florida Supreme Court has held that section 924.051(4) cannot be construed to prohibit a defendant who enters a guilty or no contest plea to a criminal charge from appealing the constitutionally required issues, pursuant to Robinson v. State, 373 So.2d 898 (Fla.1979). See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996). The legality of a sentence is one of those issues. A sentence which exceeds the maximum authorized by law is illegal and can be challenged at any time. See Davis v. State, 661 So.2d 1193 (Fla.1995).
Whether Ortiz' sentence exceeds the legal maximum because of the combined periods of incarceration and probation is a close question. Ortiz argues that section 921.001(5), Fla. Stat., does not authorize a court to impose any probation time, in addition to the recommended prison sentence, when that sentence exceeds the statutory maximum, because there is no mention of probation in the statute. The statute merely provides that if the recommended sentence exceeds the statutory maximum, a sentence under the guidelines must be imposed.
In general, the guidelines only limit the prison term to be imposed. However, Rule 3.702(d)(19), Florida Rules of Criminal Procedure, provides that if a split sentence is imposed, the incarcerative portion of the sentence must not deviate more than 25 percent from the recommended prison sentence, and the total sanction of incarceration and community control or probation shall not exceed the term provided by general law "or the recommended sentence where the provisions of subsection 921.001(5) apply". This last phrase authorizes a split sentence which exceeds the statutory maximum so long as the combined terms of incarceration and probation do not exceed the guideline recommended sentence. If this limitation does not apply to split sentences exceeding the statutory maximum, the rule would not have referred to section 921.001(5).
Ortiz' sentence for interfering in custody is concurrent with an identical sentence he received for lewd and lascivious behavior in violation of section 800.04, Fla. Stat. That crime is a second degree felony, and thus the sentence is within the maximum statutory time allowable, even when combining the prison term with the probationary term. However, that does not render the sentence discussed above "legal". See Inclima v. State, 570 So.2d 1034 (Fla. 5th DCA 1990).
We affirm Ortiz' convictions for both criminal offenses and the sentence for the second degree felony; but we quash the sentence for the third degree felony and remand for entry of a legal sentence.
AFFIRMED in part; QUASH sentence for third degree felony and REMAND for resentencing.
GRIFFIN, C.J., and ANTOON, J., concur.
NOTES
[1] § 787.03, Fla. Stat.