718 So.2d 263 (1998)
Curtis Leon HEGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-05252.
District Court of Appeal of Florida, Second District.
September 4, 1998.
*264 James Marion Moorman, Public Defender, and Richard J. Saunders, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Curtis Heggs contends that the 1995 sentencing guidelines are unconstitutional because the enacting legislation, chapter 95-184, Laws of Florida, violated the single subject rule contained in article III, section 6, of the Florida Constitution. We conclude that the resolution of this issue will have a great effect on the proper administration of justice throughout the state. Therefore, pursuant to Florida Rule of Appellate Procedure 9.125, on our own motion we certify that the issue requires immediate resolution by the Florida Supreme Court under article V, section 3(b)(5), of the Florida Constitution.
On November 1, 1996, Heggs was sentenced to two concurrent terms of 132 months' imprisonment, both for armed robbery. He was sentenced under the 1995 guidelines, which permitted a sentencing range of 83.2 months to 138.7 months. It is not disputed that Heggs's sentencing range under the 1994 guidelines would be 55.8 months to 93.5 months.
Heggs did not challenge the constitutionality of the sentencing guidelines in the circuit court. Even so, his increased sentence under the 1995 guidelines implicates a fundamental due process liberty interest. See State v. Johnson, 616 So.2d 1, 3 (Fla. 1993). Consequently, we may review this issue of fundamental error on appeal. See Id. at 4; see also § 924.051(3), Fla. Stat. (Supp.1996).
Heggs's challenge to chapter 95-184 presents an issue very similar to that raised in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), review granted, 717 So.2d 538 (Fla.1998). In Thompson, we held that chapter 95-182, which addressed violent career criminal sentencing, was unconstitutional because the enactment embraced civil and criminal provisions that had no "natural or logical connection." That chapter's objectionable civil provisions addressing domestic violence injunctions also appear in chapter 95-184, at issue here. As we pointed out in Thompson, these three provisions began as bills in the Florida House of Representatives, failed to pass, and later were engrafted onto several Senate Bills: SB 168, which became chapter 95-182 (the subject of Thompson); SB 172, which became chapter 95-184 (the subject of this case); and SB 2216, which became chapter 95-195.
Following our own precedent in Thompson, we believe that chapter 95-184 violates the single subject rule because it, too, embraces civil and criminal provisions that are not logically connected. The two subjects "are designed to accomplish separate and dissociated objects of legislative effort." 708 So.2d at 317 (quoting State ex rel. Landis v. Thompson, 120 Fla. 860, 892-893, 163 So. 270, 283 (1935)). Likewise, as in Thompson, here there is no legislative statement of intent to implement comprehensive legislation to solve a crisis. See Thompson, 708 So.2d at 315.
However, if we were to declare that the 1995 sentencing guidelines are unconstitutional, our ruling would have a wide-ranging effect: any defendant sentenced in this district between October 1, 1995 and May 24, 1997 might have an argument that his sentence should be reversed.[1] Moreover, in Thompson we acknowledged conflict with Higgs v. State, 695 So.2d 872 (Fla. 3d DCA *265 1997), in which the Third District declared that chapter 95-182 did not violate the single subject rule. We presume that the Third District would reach the same result if presented with a similar challenge to chapter 95-184. Thus, our resolution of this issue could lead to differing sentencing standards among Florida's appellate districts. Consequently, we refer the issue to the supreme court for immediate resolution so that the trial courts in this state will have the benefit of a uniform pronouncement on the applicability of the 1995 sentencing guidelines. See State v. Hootman, 697 So.2d 1259, 1261 (Fla. 2d DCA 1997).[2]
Our decision to ask the Florida Supreme Court for immediate resolution of this issue is bolstered by that court's election to accept review in Thompson. As previously pointed out, our reasoning in that case applies with equal force here. If we were to declare chapter 95-184 unconstitutional, much judicial labor would be expended both in this court and in the trial courts correcting sentences. It would further judicial economy for the supreme court to decide both of these interrelated constitutional challenges.[3]
Accordingly, we respectfully ask the Florida Supreme Court to accept jurisdiction for an immediate resolution of the constitutionality of chapter 95-184, Laws of Florida, pursuant to article V, section 3(b)(5) of the Florida Constitution, and Florida Rule of Appellate Practice 9.125. To that end, we will entertain no motions for rehearing in this case.
CAMPBELL, A.C.J., and PATTERSON, J., concur.
NOTES
[1] The window period for challenges to chapter 95-184 would begin on its effective date, October 1, 1995. The window would close on May 24, 1997, when chapter 97-97, Laws of Florida, reenacted the 1995 amendments in chapter 95-184 as part of the Florida Statutes' biennial adoption. "Once reenacted as a portion of the Florida Statutes, a chapter law is no longer subject to challenge on the ground that it violates the single subject requirement of article III, section 6, of the Florida Constitution." State v. Johnson, 616 So.2d 1, 2 (Fla.1993).
[2] The Florida Supreme Court accepted jurisdiction and answered the certified question in State v. Hootman, 709 So.2d 1357 (Fla.1998). It has since determined that it has no jurisdiction under Article V, section 3(b)(5) of the Florida Constitution, to accept a case certified by a district court when, as in Hootman, the case is pending in the district court on a petition for writ of certiorari. See State v. Matute-Chirinos, 713 So.2d 1006 (Fla.1998). Matute-Chirinos reiterates, however, that such jurisdiction does exist when, as here, the case is pending before the district court on appeal.
[3] We also note that the Florida Constitution states that the supreme court "[s]hall hear appeals from ... decisions of district courts of appeal declaring invalid a state statute...." Art. III, § 3(b)(1), Fla. Const. Thus, if we were to declare the 1995 sentencing guidelines unconstitutional, the supreme court would have jurisdiction to review our decision.