736 So.2d 1251 (1999)
Geddes WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01483.
District Court of Appeal of Florida, Second District.
July 2, 1999.
*1252 James Marion Moorman, Public Defender, Bartow, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Geddes Willis ("Willis") appeals his conviction and sentence for possession of cocaine. Willis raises three issues on appeal. First, Willis alleges that the trial court erred in denying his request for a mistrial, arguing that certain testimony impermissively implied that he was involved in collateral crimes. Second, Willis contends that his sentence exceeds both the statutory maximum and recommended sentencing range. Finally, Willis argues that his sentence is illegal because he was sentenced under the 1995 sentencing guidelines, which he specifically alleges are invalid because Chapter 95-184, Laws of Florida violates the single-subject requirement outlined in Article III, Section 6 of the Florida Constitution. We affirm the trial court's denial of Willis' motion for mistrial without comment. However, we reverse his sentence and remand for resentencing. We address each of the sentencing issues in turn.
We note that possession of cocaine is a third-degree felony carrying a maximum statutory sentence of sixty months (five years). See § 893.13(6)(a), Fla. Stat. (1997); § 775.082(3)(d), Fla. Stat. (1997). However, a trial court must impose a sentence within the recommended guidelines sentencing range when the median recommended sentence exceeds the statutory maximum. See Mays v. State, 717 So.2d 515, 516 (Fla.1998). In the instant case, the trial court calculated Willis' scoresheet to produce a median recommended sentence of sixty-four months. The scoresheet gave a permissible sentencing range of forty-eight months to eighty months. The trial court imposed a split sentence of sixty-four months' incarceration followed by twenty-four months' probation. When these two components of the split sentence are added together, their sum equals an actual sentence of eighty-eight months. Thus, Willis' actual sentence exceeds both the statutory maximum and the maximum permitted by the guidelines. When a sentence exceeds both the statutory maximum and the maximum permitted by the guidelines, it is an illegal sentence. See Ortiz v. State, 696 So.2d 916, 917 (Fla. 5th DCA 1997), receded from on other grounds, Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998). Consequently, we must reverse the trial court's sentence and remand for imposition of a new sentence.
When the trial court sentenced Willis, it used a scoresheet prepared under the 1995 sentencing guidelines. In Heggs v. State, 718 So.2d 263, 264 (Fla. 2d DCA 1998), this court questioned, without deciding, whether the 1995 version of the guidelines violated the single-subject rule outlined in Article III, Section 6 of the Florida Constitution. We referred the matter to the Florida Supreme Court for immediate resolution. See id. at 265. The Florida Supreme Court has not yet resolved this issue.
*1253 As previously noted in this opinion, this case must be remanded for resentencing. Thus, we decline the State's invitation to stay this appeal pending an outcome in Heggs. Rather, upon remand for resentencing, Willis may take such action as he deems appropriate to preserve any sentencing issue, pending resolution of Heggs by the Florida Supreme Court.
Conviction affirmed, sentence reversed, and remanded for resentencing.
PATTERSON, C.J., and PARKER and DAVIS, JJ., Concur.