743 So.2d 595 (1999)
Bernard BORTEL, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2091.
District Court of Appeal of Florida, Fourth District.
September 29, 1999.
*596 Bernard Bortel, Lowell, pro se.
No appearance required for appellee.
GROSS, J.
In 1997, appellant pled nolo contendere to various counts of burglary of a dwelling, attempted burglary of an occupied dwelling, and grand theft. He committed these offenses between October 26, 1996 and November 24, 1996. He was sentenced to nine years in prison pursuant to the 1995 sentencing guidelines.
In his sworn motion filed under Florida Rule of Criminal Procedure 3.800, appellant argues that his sentence is illegal because the enacting legislation for the 1995 sentencing guidelines, Chapter 95-184, Laws of Florida, violated the single subject rule of Article III, Section 6, of the Florida Constitution. The trial court denied relief.
The case relied upon by the circuit court, Valdes v. State, 728 So.2d 1225 (Fla. 3d DCA 1999), rejected a constitutional challenge to the 1995 sentencing guidelines based on the single subject rule. Valdes acknowledged conflict with Heggs v. State, 718 So.2d 263 (Fla. 2d DCA), rev. granted, 720 So.2d 518 (Fla.1998), and rev. granted, 729 So.2d 391 (Fla.1999), on this issue. The second district based its holding in Heggs on its earlier decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), rev. granted, 717 So.2d 538 (Fla.1998), in which it held that another portion of the 1995 sentencing schemeChapter 95-182, which addressed violent career criminal sentencingwas unconstitutional as violative of the single subject rule.
Heggs held that "any defendant sentenced... between October 1, 1995 and May 24, 1997 might have an argument that his sentence should be reversed." 718 So.2d at 264. The court identified those dates based on its observation that
The window period for challenges to chapter 95-184 would begin on its effective date, October 1, 1995. The window would close on May 24, 1997, when chapter 97-97, Laws of Florida, reenacted the 1995 amendments in chapter 95-184 as part of the Florida Statutes' biennial adoption. "Once reenacted as a portion of the Florida Statutes, a chapter law is no longer subject to challenge on the ground that it violates the single subject requirement of article III, section 6, of the Florida Constitution." State v. Johnson, 616 So.2d 1, 2 (Fla.1993).
Id. at n. 1. In Thompson, the second district identified the same window period with respect to Chapter 95-182.
In Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999), this court identified a different window period, holding that a defendant's opportunity to challenge his sentence as a violent career criminal ended on October 1, 1996, because Chapter 95-182 was reenacted on that date. We certified conflict with Thompson regarding the applicable window of opportunity.
Applying Salters, we conclude that appellant is not entitled to any relief because the sentencing guidelines at issue here were reenacted in 1996 pursuant to Chapter 96-388, Laws of Florida, with an effective date of October 1, 1996, thereby curing the constitutional defect raised in this case. See Scott v. State, 721 So.2d 1245, *597 1246 (Fla. 4th DCA 1998). Appellant's offenses occurred in October and November, 1996, after the statute was reenacted.
We affirm the circuit court's order denying appellant's motion to correct illegal sentence and certify conflict with Heggs concerning the applicable window period.
FARMER and HAZOURI, JJ., concur.