PER CURIAM.
The Defendant appeals his conviction and sentence for sexual battery with force or injury, an offense which occurred on May 13 or 14, 1997. He raises five issues, four of which we affirm without comment. In his fifth issue, he contends the trial court erred by sentencing him under the 1995 sentencing guidelines because chapter 95-184 violated the single-subject rule. While we recognize that the Florida Supreme Court has held chapter 95-184 to be unconstitutional because it violates the single-subject rule, see Heggs v. State, 759 So.2d 620 (Fla.2000), we hold that the Defendant lacks standing to raise a constitutional challenge to chapter 95-184 because the crimes for which he was convicted occurred after October 1, 1996, when the constitutional defect was cured by the reenactment of the sentencing guidelines via chapter 96-388, see Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999).
Accordingly, we affirm the Defendant’s conviction and sentence on all grounds. Because the Second District has determined that the window period to challenge chapter 95-184 on single-subject grounds closes on May 24, 1997, see Heggs v. State, 718 So.2d 263, 264 n. 1 (Fla. 2d DCA 1998), we certify conflict with the Second District on the issue of the applicable window period.
AFFIRMED.
WARNER, C.J., GUNTHER and STEVENSON, JJ., concur.