ALLEN, J.
The appellant challenges the trial court’s denial of his Florida Rule of Criminal Procedure 3.800(a) motion. We conclude that the appellant’s motion sets forth a color-able claim for relief on the theory that his guidelines sentence was the result of a calculation which was incorrect because it was performed pursuant to a version of the sentencing guidelines adopted in violation of the single-subject provision of the Florida constitution. In reaching this conclusion, we hold that the date on which the appellant claims his crimes were committed, January 9, 1997, falls within the window period for presenting such claims. We therefore reverse the order by which the trial court denied the appellant’s motion.
The trial court properly relied upon our decision in Trapp v. State, 736 So.2d 736 (Fla. 1st DCA 1999), in denying the appellant’s motion. We held in Trapp that chapter 95-184, Laws of Florida, which included the adoption of the 1995 version of the sentencing guidelines, did not violate article III, section 6 of the Florida constitution, the single-subject provision. But the supreme court in Heggs v. State, 759 So.2d 620 (Fla.2000), recently held that chapter 95-184 did violate the single-subject provision because sections 36 through 38 of chapter 95-184 were not naturally or logically connected to the matters contained in the other portions of the chapter law. Because the appellant claims to have been sentenced pursuant to the 1995 sentencing guidelines and claims that his guidelines sentence was longer than it would have been under the previous version of the sentencing guidelines, his Heggs claim is colorable if his crimes were committed within the window period for such claims.
There is no dispute as to the date on which the window opened for Heggs claims. The date was October 1,1995, the effective date of the sentencing guidelines *737 provisions of chapter 95-184. See Heggs, 759 So.2d at 623. The dispute relates to the date on which the window closed. The window period for presenting single-subject challenges normally closes as of the effective date of the legislature’s biennial adoption of the Florida Statutes. See State v. Johnson, 616 So.2d 1 (Fla.1998). Accordingly, the window period for Heggs claims closed no later than May 24, 1997, the effective date of Chapter 97-97, Laws of Florida, by which the provisions of chapter 95-184 were reenacted as part of the biennial adoption of the Florida Statutes. Consistent with decisions such as Johnson, the second and third districts have concluded that the Heggs window closed on May 24, 1997. See Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998); Diaz v. State, 752 So.2d 105 (Fla. 3d DCA 2000). But the fourth district has taken a contrary view.
In Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999), the fourth district held that the window period closed on October 1,1996, the effective date of the sentencing guidelines provisions of chapter 96-388, Laws of Florida. Chapter 96-388 amended the sentencing guidelines provisions of chapter 95-184, but made no mention of the subjects referenced in the constitutionally objectionable sections 36 through 38 of chapter 95-184. The fourth district reasoned that chapter 96-388 therefore “reenacted” the sentencing guidelines provisions of chapter 95-184 without inclusion of those portions of chapter 95-184 which made it unconstitutional, thus terminating any basis for a single-subject challenge to the 1995 sentencing guidelines as of the effective date of chapter 96-388.
The appellee urges us to follow Bortel, contending that the Bortel reasoning is sound and that Bortel is consistent with the supreme court decision in Martinez v. Scanlan, 582 So.2d 1167 (Fla.1991). But we are unable to agree with the Bortel court’s reasoning, and Scanlan is not on point. We reject the Bortel reasoning because chapter 96-388 was not analogous to the reenactment of the chapter laws in conjunction with the biennial adoption of the Florida Statutes. And it was also not analogous to the reenactment involved in Scanlan. In fact, as is clearly expressed by the legislative language, the sentencing guidelines provisions of chapter 96-388 were not reenactments at all. They were merely an attempt to further amend the sentencing guidelines. Chapter 96-388 therefore did not serve to redeem chapter 95-184, as would chapter 97-97 in the following year.
We therefore certify conflict with Bortel and align ourselves with the second and third districts in holding that the window period for presentation of Heggs claims opened on October 1, 1995, and closed on May 24, 1997. Because the appellant asserted that his crimes were committed within this window period and his motion otherwise sufficiently alleged a basis for relief under Heggs, the appealed order is reversed and this case is remanded.
JOANOS and KAHN, JJ., CONCUR.