758 So.2d 742 (2000)
Jay Thomas ECKARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1818.
District Court of Appeal of Florida, Fifth District.
May 19, 2000.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Appellant, Jay Eckard, appeals a judgment and sentence.
Appellant was charged by information with manslaughter by driving under the influence and convicted of the lesser included offense of vehicular homicide. The trial court adjudicated him guilty of the offense and sentenced him to 84 months in prison followed by 10 years probation with an early release after 5 years if all conditions were satisfied.
On appeal, appellant challenges his sentence on the ground that it exceeds the statutory and guidelines maximum. Appellant was convicted of the lesser included offense of vehicular homicide, a third degree felony punishable by a term of incarceration not exceeding 5 years. See §§ 782.071(1) & 775.082(3)(d), Fla. Stat. (1997). Appellant's sentencing guidelines scoresheet yielded a sentence of 148 months incarceration or a minimum sentence of 111 months and a maximum sentence of 185 months. Because the offense was committed in an unsophisticated manner and was an isolated incident for which appellant had shown remorse, the trial court departed downward and sentenced him to 84 months incarceration followed by 10 years probation with an early release after 5 years if all conditions were satisfied. See § 921.0026(2)(j), Fla. Stat. (1997). Appellee concedes that the trial court's total sanction of 204 months exceeds both the 5-year statutory maximum and the 185-month upper end of the sentencing guidelines range and is therefore illegal. See Willis v. State, 736 So.2d 1251 (Fla. 2d DCA 1999); Nunez v. State, 721 So.2d 346 (Fla. 2d DCA 1998); Moyer v. State, 715 So.2d 1112 (Fla. 5th DCA 1998); Ortiz v. State, 696 So.2d 916 (Fla. 5th DCA 1997), receded from on other grounds, Maddox v. State, 708 So.2d 617 (Fla. 5th DCA), rev. granted, 718 So.2d 169 (Fla. 1998), rev. granted, 728 So.2d 203 (Fla. 1999). Accordingly, the sentence is vacated *743 and the cause remanded for resentencing.
Appellant also contends that the trial court erred by denying his motion for mistrial based upon the testimony of a witness that the day after the offenses were committed, he picked up a pill bottle in her yard containing marijuana. The trial court did not abuse its discretion in denying appellant's motion for mistrial. See Goodwin v. State, 751 So.2d 537 (Fla.1999).
JUDGMENT AFFIRMED; SENTENCE VACATED AND REMANDED.
HARRIS and PETERSON, JJ., concur.