PER CURIAM.
John Gibson appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Gibson was sentenced on March 19, 1998, for an offense he alleges occurred on February 24, 1996. The trial court denied the motion, relying on our decision in Heggs v. State, 718 So.2d *782 263 (Fla. 2d DCA 1998), that suggested the relevant window to challenge the 1995 sentencing guidelines was determined by the date of sentencing. Because it is now clear that the date of offense is the relevant date, we reverse and remand .for further consideration of this motion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
We remand for the trial court to determine whether Gibson in fact committed his offense within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Gibson must be resentenced in accordance with the valid guidelines in existence at the time he committed his offenses. If the court enters an order declaring resentenc-ing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith.
Reversed and remanded for further proceedings in accordance with this opinion.
' PARKER, A.C.J., and ALTENBERND and DAVIS, JJ., Concur.