PER CURIAM.
Donte Polite appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Polite was sentenced on January 12, 1998, under the 1995 sentencing guidelines[1] for an offense that apparently occurred on March 27, 1997. The trial court denied the motion relying on our decision in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998), that suggested the relevant window to challenge the 1995 sentencing guidelines was determined by date of sentencing. Because it is now clear that the date of offense is the relevant date, we must reverse and remand for further consideration of this motion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
We remand for the trial" court to determine whether Polite in fact committed his offense within the Heggs window, and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of. these questions are affirmative, then Polite must be resentenced in accordance with the valid guidelines in existence at the time he committed his offense. If the court enters an order declaring resen-tencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith, 761 So.2d 419.
*786 The trial court’s order also found that Polite was not entitled to relief on ground two of his motion. After a careful review of Polite’s pro se motion, we conclude that he only raised the one ground discussed above on which we have reversed and remanded. The trial court’s order as to a second ground is therefore a nullity.
Reversed and remanded for further proceedings in accordance with this opinion.
THREADGILL, A.C.J., and FULMER and DAVIS, JJ., Concur.

. The form motion filed by Polite suggests that he received a habitual offender sentence. The written judgment and sentence, however, indicate that he did not receive a habitual offender sentence.