PER CURIAM.
Ricky A. Scott, Sr., appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Scott was sentenced on June 30, 1997, under the 1995 sentencing guidelines for an offense that apparently occurred on February 28, 1997. The trial court denied the motion relying on our decision in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998), that suggested the relevant window to challenge the 1995 sentencing guidelines was determined by date of sentencing. Because it is now clear that the date of offense is the relevant date, we must reverse and remand for further consideration of this motion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
We remand for the trial court to determine whether Scott in fact committed his offense within the Heggs window, and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Scott must be resentenced in accordance with the valid guidelines in existence at the time he committed his offense. If the court enters an order declaring resen-tencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith, 761 So.2d 419.
Reversed and remanded for further proceedings in accordance with this opinion.
THREADGILL, A.C.J., and FULMER and DAVIS, JJ., Concur.