PER CURIAM.
Sebastian G. Christmas appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We address only Christmas’s claim that his sentence under the 1995 sentencing guidelines is illegal pursuant to Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998). The supreme court recently announced that chapter 95-184, Laws of Florida, violated the single-subject provision of article III, section 6, of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000). Therefore, we must reverse and remand to the trial court for further consideration of this issue. In all other respects the trial court’s order is affirmed.
We remand for the trial court to determine whether Christmas committed his offenses within the applicable window period under Heggs, and, if so, whether his sentence could have been imposed under the 1994 guidelines, without a departure. The supreme court has determined that defendants will only benefit from the Heggs decision if the sentence imposed under the 1995 guidelines would constitute an impermissible departure sentence under the 1994 guidelines. Id. at 620.
If the court enters an order declaring that resentencing pursuant to Heggs is unnecessary for Christmas, it should attach to its order the record documents used to justify that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
PARKER, A.C.J., ALTENBERND and SALCINES, JJ„ Concur.