PER CURIAM.
Anthony A. Stuart appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Stuart was sentenced on June 23,1998, for offenses he alleges occurred in February and November 1996. The trial court denied the motion, relying on our decision in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998), that suggested the relevant window to challenge the 1995 sentencing guidelines was determined by the date of sentencing. Because it is now clear that the date of offense is the relevant date, we reverse and remand for further consideration of this motion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
We remand for the trial court to determine whether Stuart in fact committed his offenses within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Stuart must be resenteneed in accordance with the valid guidelines in existence at the time he committed his offenses. If the court enters an order declaring resen-tencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith.
Reversed and remanded for further proceedings in accordance with this opinion.
PARKER, A.C.J., and FULMER and STRINGER, JJ., Concur.