PER CURIAM.
Bernard Robertson (Appellant) appeals the summary denial of his motion for post-conviction relief, pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm, without discussion, the denial of his first two grounds for relief, but reverse and remand as to the third ground.
Appellant was charged with committing three offenses between January 15 and January 16, 1997. Pertinent to the instant motion, following a jury trial, he was found guilty of aggravated stalking and false imprisonment, and was sentenced to 65.5 months in prison on those counts, a sentence he alleges falls at the top of the sentencing guidelines’ permitted range. The third ground of his motion was based on the unconstitutionality of applying the 1995 sentencing guidelines to his sentence, as chapter 95-184, Laws of Florida, was held to have violated the single subject requirement of article III, section 6, of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000).
The motion was denied because Appellant’s offenses fell outside the window period to raise the Heggs challenge which this court previously had identified. See Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999)(holding that defendants had standing to raise this challenge if their offense was committed on or after October 1, 1995, and before October 1, 1996), abrogated by Trapp v. State, 760 So.2d 924 (Fla.2000). However, the supreme court has since de *1067 cided that those persons with standing to challenge their sentences under Heggs are those whose offenses were committed on or after October 1, 1995, and before May 24,1997. See Trapp.
The state concedes that as Appellant’s offenses now appear to be within the window period, the case should be remanded to the trial court for an evidentiary hearing or the attachment of portions of the record showing that Appellant is not entitled to relief. We agree. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000)(remanding for calculation of' new scoresheet).
Accordingly, we affirm .the trial court’s denial as to the first two grounds of Appellant’s motion and reverse and remand for further consideration of the third ground for relief.
WARNER, C.J., STONE and SHAHOOD, JJ., concur.