PER CURIAM.
Bilal Siddiq Ali appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Ali was sentenced on November 1, 1997, under the 1995 sentencing guidelines for an offense that apparently occurred on March 5,1997. The trial court denied the motion relying on our decision in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998),[1] that suggested the relevant window to challenge the 1995 sentencing guidelines was determined by date of sentencing. Because it is now clear that the date of offense is the relevant date, we must reverse and remand for further consideration of this motion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
We remand for the trial court to determine whether Ali in fact committed his offense within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Ali must be resentenced in accordance with the valid guidelines in existence at the time he committed his offense. If the court enters an order declaring resentenc- *404 ing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith, 761 So.2d at 422.
We affirm the denial of Ali’s second claim without discussion.
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
WHATLEY, A.C.J., and GREEN and SALCINES, JJ., Concur.

. Appeal decided by 759 So.2d 620 (Fla.2000).