THOMPSON, C.J.
Tracy Culberhouse appeals the summary denial of his petition for writ of habeas corpus.
In denying his petition, the trial court noted that the proper method for challenging a criminal conviction is a 3.850 motion for post-conviction relief. The court construed Culberhouse’s petition as a 3.850 motion and summarily struck it as an abuse of process because Culberhouse had previously filed a 3.850 motion. We affirm the trial court’s order without prejudice because Culberhouse has not shown that a petition for writ of habeas corpus is appropriate. See Leone v. State, 657 So.2d 26 (Fla. 5th DCA 1995) (holding habeas petition was abuse of process where arguments should have been raised on direct appeal or in first 3.850 motion).
In his petition before the trial court, Culberhouse also argued that the trial court had sentenced him pursuant to an unconstitutional statute. He alleged that Chapter 95-184, Laws of Florida was unconstitutional because it violated “the single subject requirement and/or rule contained in ... Art. Ill section 6, of the Florida Constitution.” The trial’ court wrote that the issue was pending before the Florida Supreme Court based upon the Second District’s holding in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998). The trial court concluded that Culberhouse could “file a motion to correct an illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure. There is no time limit on such a motion.”
In Heggs v. State, 759 So.2d 620 (Fla.2000), the Florida Supreme Court ruled that Chapter 95-184, Laws of Florida, was unconstitutional because it violated the single subject provision of the Florida Constitution. In Trapp v. State, 760 So.2d 924 (Fla.2000) the court held that a defendant could seek relief from an illegal sentence imposed under the sentencing guidelines of Chapter 95-184 by filing a motion pursuant to Rule 3.800(a) alleging that the crime for. which the sentence was received falls within the window period. The court wrote that the window period opened on October 1, 1995, when the amended guidelines became effective, and closed on May 24, 1997, when Chapter 97-97, Laws of Florida, reenacted the amendments contained in Chapter 95-184.
Culberhouse can file a motion for collateral relief pursuant to Rule 3.800. In his motion, he must allege he falls within the window period, and that his sentence could not have been imposed under the 1994 guidelines without a departure.
Accordingly, we affirm the trial court’s order, but without prejudice to Culber-house’s filing a facially sufficient rule 3.800(a) motion.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.