PER CURIAM.
Errick Murray appeals the dismissal of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
Murray challenges the legality of his sentence based on the fact that he was sentenced under the 1995 sentencing *502 guidelines, which he contends are unconstitutional based on our decision in Heggs v. State, 718 So.2d 263, 264 (Fla. 2d DCA 1998). He .asserts that the offenses for which he was sentenced occurred between October 1, 1996, and May 24, 1997, within the window for raising a Heggs claim. He further asserts that the maximum sentence he could have received under the 1994 guidelines is much less than the actual sentence he received under the 1995 guidelines.
Murray has stated a facially sufficient claim for relief. See Heggs v. State, 759 So.2d 620 (Fla.2000). We accordingly reverse and remand for the trial court to determine whether Murray in fact committed his offenses within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Murray must be resentenced in accordance with the valid guidelines in existence at the time he committed his offenses. If the court enters an order declaring resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Reversed and remanded.
BLUE, A.C.J., and FULMER and STRINGER, JJ., Concur.