PER CURIAM.
John D. Williams appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, alleging that he was sentenced under an unconstitutional version of the guidelines. Williams was sentenced on October 1, 1997. Williams alleges that the date of the offenses was December 16, 1996, to May 1, 1997. The trial court denied the motion, relying on our decision in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998),[1] that suggested the relevant window to challenge the 1995 sentencing guidelines was determined by the date of sentencing. Because it is now clear that the date of offense is the relevant date, we reverse and remand for further consideration of this motion.
We remand for the trial court to determine whether Williams in fact committed his offense within the Heggs window, and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Williams must be resen-tenced in accordance with the valid guidelines in existence at the time he committed his offenses. If the court enters an order declaring resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings in accordance with this opinion.
PARKER, A.C.J., and NORTHCUTT and CASANUEVA JJ., Concur.

. Appeal decided by 759 So.2d 620 (Fla. 2000).