PER CURIAM.
We have for review Schumaker v. State, 758 So.2d 1200 (Fla. 4th DCA 2000), wherein the Fourth District Court of Appeal certified conflict with Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998), on the issue of standing to challenge chapter 95-184, Laws of Florida, as violative of the single subject rule contained in article III, section 6 of the Florida Constitution. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
In Heggs v. State, 759 So.2d 620, 627 (Fla.2000), we concluded:
[O]nly those persons adversely affected by the amendments made by chapter 95-184 may rely on our decision here to obtain relief. Stated another way, in the sentencing guidelines context, we determine that if a person’s sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines (without a departure), then that person shall not be entitled to relief under our decision here.
The record in this case is not clear as to whether the sentence which Schu-maker received under the 1995 guidelines could have been imposed under the 1994 guidelines. Thus, it is not clear whether Schumaker was adversely affected by chapter 95-184.
We do note, however, that pursuant to our decision in Trapp v. State, 760 So.2d 924 (Fla.2000), Schumaker has standing to challenge chapter 95-184, Laws of Florida, as violative of the single subject rule. Specifically, we held that the applicable window period within which to raise a' challenge to chapter 95-184 extended from October 1, 1995 through May 24, 1997. See Trapp, 760 So.2d at 928. Because Schumaker’s offense occurred on May 13 or 14, 1997, we conclude that he has standing to raise such a claim.
Accordingly, we quash the decision below and remand with directions that the trial court determine whether Schumaker *517 was adversely affected by the passage of chapter 95-184, Laws of Florida.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., dissents.