771 So.2d 57 (2000)
Terry E. DANIELS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3600.
District Court of Appeal of Florida, Second District.
October 6, 2000.
PER CURIAM.
Terry Daniels challenges the trial court's denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800 wherein he alleged that he was sentenced under an unconstitutional version of the 1995 guidelines. The trial court denied the motion, finding that Daniel's sentence would not have been a departure under the 1994 sentencing guidelines. The trial court attached a copy of Daniels' 1994 sentencing guidelines scoresheet but failed to provide any attachments showing the length of the sentence that was actually imposed. We nevertheless affirm the order of the trial court because Daniels did not present a facially sufficient claim for relief.
Daniels did properly allege that the offenses for which he was sentenced occurred between October 1, 1995, and May, 24, 1997, which is within the Heggs window. See Murray v. State, 768 So.2d 501 (Fla. 2d DCA 2000). However, he failed to allege that his sentence constituted a departure sentence under the 1994 sentencing guidelines. See Heggs v. State, 759 So.2d 620, 627 (Fla.2000) (if defendant's sentence under 1995 guidelines could have been imposed under 1994 guidelines without a departure, defendant is not entitled to relief).
We hold that any postconviction claim filed pursuant to rule 3.800(a) alleging *58 that the defendant was sentenced under an unconstitutional version of the 1995 sentencing guidelines must contain an allegation that the sentence imposed constitutes a departure under the 1994 sentencing guidelines. If the motion fails to contain that allegation, the defendant has not presented a facially sufficient claim for relief under Heggs. We note that this requirement only applies where the motion is filed after the date of the supreme court's decision in Heggs.
We affirm without prejudice to Daniels to file a timely, facially sufficient motion to withdraw the plea pursuant to Florida Rule of Criminal Procedure 3.850 should there be sufficient grounds for him to do so. See Kleppinger v. State, 760 So.2d 1045 (Fla. 2d DCA 2000).
ALTENBERND, A.C.J., and NORTHCUTT, J., and DANAHY, PAUL W., (Senior) Judge, Concur.