SALCINES, Judge.
Joseph Coleman appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he claimed he was entitled to resentencing pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The record indicates Coleman received a sentence of six years in prison after entering a plea of no contest. Coleman claims that he was sentenced under the 1995 sentencing guidelines, which were declared unconstitutional in Heggs, and therefore he is entitled to be resentenced under the 1994 guidelines. The trial court denied his motion on the basis that the sentence he received would not constitute a departure under the 1994 guidelines, and therefore he is not entitled to relief. The trial court attached a 1994 guidelines scoresheet to its order apparently intended to refute Coleman’s claim, although it did not submit a 1995 scoresheet indicating how Coleman’s original score was calculated.
Nevertheless, Coleman failed to state in his motion that the sentence he received under the 1995 sentencing guidelines would constitute a departure sentence under the 1994 guidelines. Therefore, he has not alleged a facially sufficient claim which would entitle him to relief. See Daniels v. State, 771 So.2d 57 (Fla. 2d DCA 2000). Accordingly, we affirm the trial court’s order without prejudice to Coleman’s right to file either a facially sufficient motion under rule 3.800(a), if he is able to do so, or a rule 3.850 motion pursuant to Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc), if he wishes to withdraw his plea and can state grounds to do so.
Affirmed.
'BLUE, A.C.J., and SILBERMAN, J„ concur.