SALCINES, Judge.
Caesar Orosco appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
Orosco’s retained counsel filed a motion entitled “Amended Motion to Withdraw Plea and Motion to Correct Illegal Sentence.” This motion was filed within the time limit imposed pursuant to Florida Rule of Criminal Procedure 3.850; however, it was not properly sworn. The trial court addressed only those claims that it thought were cognizable in a rule 3.800(a) motion but denied the rule 3.850 claims because the motion was unsworn.
In the interests of judicial economy we have reviewed the claims discussed in the trial court’s order, although we do not necessarily agree that they are all cognizable pursuant to rule 3.800(a). The trial court addressed, on the merits, Orosco’s claim that it was without jurisdiction to sentence him because, at the time of the crime, Orosco was a juvenile. The State properly direct filed the information against Orosco. See § 39.052(3)(a)(5)(a), Fla. Stat. (1995). Therefore, the trial court had the requisite jurisdiction.
Likewise, the trial court addressed Orosco’s argument that his conviction and sentence for armed burglary and grand theft of a firearm violated double jeopardy because the offenses arose out of the same incident. The trial court correctly denied the claim on the merits. See Gaber v. *304 State, 684 So.2d 189 (Fla.1996) (holding that separate convictions and sentences for armed burglary and grand theft of a firearm occurring during the same incident do not violate double jeopardy).
Orosco also claimed that he was entitled to relief pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Although he alleged that he was sentenced under the 1995 sentencing guidelines, he failed to allege that his sentence was a departure sentence under the 1994 guidelines. The trial court did not reach the merits on this claim and instead properly denied Orosco’s claim as facially insufficient. See Daniels v. State, 771 So.2d 57 (Fla. 2d DCA 2000).
Orosco’s remaining claims should have been raised pursuant to rule 3.850. The trial court correctly refused to consider them because the motion was unsworn. Rather than denying the motion, however, the trial court should have dismissed it without prejudice to Orosco’s right to refile a sworn motion. See" Lewis v. State, 638 So.2d 97 (Fla. 2d DCA 1994). Therefore, our affirmance is without prejudice to Orosco’s right to file a properly sworn rule 3.850 motion. Any motion filed within sixty days of the issuance of the mandate shall be considered timely filed. See, e.g., Finan v. State, 787 So.2d 64 (Fla. 2d DCA 2001) (allowing appellant sixty days to file facially sufficient rule 3.850 motion). Further, our affirmance is without prejudice to any right Orosco may have under Heggs to either file a facially sufficient rule 3.800(a) motion or a rule 3.850 motion to withdraw his' plea. See Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
Affirmed.
FULMER, A.C.J., and COVINGTON, J., Concur.