PALMER, J.
Jay Eckard appeals his sentence which was entered by the trial court upon remand from this court.[1] We reverse.
Eckard was found guilty of committing the crime of vehicular homicide, in violation of section 782.071 of the Florida Statutes (1997). The applicable statutory maximum for this offense is 60 months imprisonment. See § 775.082(3)(d), Fla. Stat.(1997). Eckard’s recommended sentencing guidelines range was between a minimum term of 111 months and a maximum term of 185 months incarceration. At the re-sentencing hearing, the trial court sentenced Eckard to a term of 84 months incarceration followed by 100 months probation. Defense counsel immediately objected since the sentence was a downward departure sentence which exceeded the 60 month statutory maximum. See § 921.001(5), Fla. Stat. (1997).[2] Upon consideration of defense counsel’s objection, the trial court ruled that the sentence would stand as ordered and further stated on the record that the imposition of a downward departure sentence was warranted because mitigating circumstances existed at the time of Eckard’s initial sentencing; namely, the unsophisticated manner in which the offense was committed and an isolated incident for which Eckard had shown remorse.
Eckard argues that his sentence is illegal under section 921.001(5) of the Florida Statutes (1997). We agree. As the Second District held in Nunez v. State, 721 So.2d 346 (Fla. 2d DCA 1998) when presented with a virtually identical factual scenario, a departure sentence must be within any relevant maximum sentence *773 limitations provided in section 775.082. Therefore, in deciding to impose a downward departure sentence, the trial court was required to sentence Eckard within the 60 month maximum provided by statute.
Accordingly, we reverse Eckard’s sentence and remand with instructions that the trial court impose a sentence within the statutory maximum.
Sentence REVERSED and case REMANDED.
GRIFFIN and PLEUS, JJ., concur.

. See Eckard v. State, 758 So.2d 742 (Fla. 5th DCA 2000).

. Section 921.001 of the Florida Statutes (1997) provides, in relevant part:
921.001. Sentencing Commission and sentencing guidelines generally
[[Image here]]
(5) ... If a recommended sentence under the guidelines exceeds the maximum sentence otherwise authorized by s. 775.082 [which sets forth the statutory maximum sentences], the sentence under the guidelines must be imposed, absent a departure. If a departure sentence, with written findings, is imposed, such sentence must be within any relevant maximum sentence limitations provided in s. 775.082.