DANAHY, PAUL W., Senior Judge.
In these consolidated appeals, Anthony Stuart appeals new sentences the trial court imposed in five separate cases after Stuart successfully appealed his initial sentences and successfully sought postconviction relief from the sentences pursuant to Florida Rule of Criminal Procedure 3.800(a). Stuart’s case is a procedural morass because he filed his motion to correct illegal sentences pursuant to rule 3.800(a) when his direct appeal was pending.[1] This occurred before the Florida Supreme Court amended Florida Rule of Appellate Procedure 9.600(d) to prohibit this practice. This case clearly confirms the wisdom of that amendment.
Based upon a thorough review of the record and the briefs on appeal, we reverse all of the sentences imposed on August 29, 2002. On remand, we direct the trial court to reinstate the sentences of time served imposed on September 27, 2000, in case numbers 97-2501 and 97010310, and the various sentences imposed on March 9, 2001, in case numbers 97-17927, 97-18205, and 97-20100.
We note that the March 9, 2001, sentence in case number 97-17927 contains a scrivener’s error in that it states the sentence is for 21.9375 months. The transcript of this sentencing proceeding clearly reflects the court’s oral pronouncement of a sentence of 21.9375 years. The court may correct this scrivener’s error on remand. See Boggs v. Wainwright, 223 So.2d 316 (Fla.1969); Serrano v. State, 708 So.2d 1031 (Fla. 2d DCA 1998).
We affirm the trial court’s order dismissing Stuart’s motion to withdraw his pleas for lack of jurisdiction. The order properly noted it was without prejudice to Stuart’s right to file a new motion once his appeals were resolved.
SALCINES AND KELLY, JJ„ Concur.

. Stuart has three prior appeals related to the present consolidated appeals. See Stuart v. State, 771 So.2d 1192 (Fla. 2d DCA 2000); Stuart v. State, 765 So.2d 224 (Fla. 2d DCA 2000); and Stuart v. State, 763 So.2d 319 (Fla.2000).