PER CURIAM.
Appellant challenges the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleges that his sentence is illegal under Heggs v. State, 759 So.2d 620 (Fla.2000). Because the record does not conclusively refute the appellant’s claim, we reverse.
In order to state a cognizable claim under Heggs, one must allege that the offense at issue was committed within the window period set out in Trapp v. State, 760 So.2d 924, 928 (Fla.2000), and that the resulting sentence constitutes a departure from the 1994 sentencing guidelines. See Daniels v. State, 771 So.2d 57, 57-58 (Fla. 2d DCA 2000). The motion must also include the date of the offense. See Smith v. State, 765 So.2d 308 (Fla. 5th DCA 2000). Appellant’s motion contains the required allegations and is, therefore, facially sufficient. However, the trial court denied the motion without any record attachments.
We therefore reverse the trial court’s summary denial of the appellant’s motion to correct an illegal sentence and remand for the trial court to attach portions of the record that conclusively refute the appellant’s claim or to re-sentence the appellant as the record dictates.
REVERSED AND REMANDED.
BARFIELD, DAVIS, and LEWIS, JJ., concur.