713 So.2d 1013 (1998)
STATE of Florida, Petitioner,
v.
Michael MYERS, Respondent.
No. 91251.
Supreme Court of Florida.
July 16, 1998.
Robert A. Butterworth, Attorney General, Georgina Jimenez-Orosa, Senior Assistant Attorney General, Celia A. Terenzio, Assistant Attorney General, Chief, West Palm Beach Bureau, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for Petitioner.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Respondent.
SHAW, Justice.
We have for review Myers v. State, 696 So.2d 893 (Fla. 4th DCA 1997), based on conflict with Mays v. State, No. 90,826, ___ So.2d ___ (Fla. July 16, 1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Myers.
Michael Myers, who was fifteen years old at the time, raped and sodomized his seventy-nine year old Alzheimer's-stricken grandmother on June 11, 1995. He pled guilty to three counts of sexual battery and two counts of battery. His median recommended sentence[1] under the guidelines was 16.75 years, and his recommended range was between 12.6 and 20.9 years. The statutory maximum sentence for sexual battery is 15 years. The court sentenced him to three 18-year terms on the sexual battery counts and two five-year terms on the battery counts, all to be served concurrently. The district court reversed, ruling that the trial court erred in exceeding the statutory maximum. The State claims that the trial court properly exceeded the statutory maximum. We agree.
We addressed this issue in Mays v. State, No. 90,826, ___ So.2d ___ (Fla. July 16, 1998), wherein we construed the 1994 amendment to the sentencing guidelines. We held that if the guidelines sentencei.e., the "true" recommended guidelines sentence exceeds the statutory maximum, the court is authorized to impose the guidelines sentence. In the present case, the "true" recommended guidelines sentence, i.e., 18 years, exceeds the statutory maximum, i.e., 15 years. The court thus was authorized to impose the guidelines sentence. We quash Myers.
It is so ordered.
HARDING, C.J., and OVERTON and WELLS, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which KOGAN and ANSTEAD, JJ., concur.
*1014 PARIENTE, Justice, concurring in part and dissenting in part.
For the reasons expressed in my concurring in part and dissenting in part opinion in Mays v. State, No. 90,826, ___ So.2d ___ (Fla. July 16, 1998), I concur in part and dissent in part. Accordingly, in my opinion, the maximum sentence the trial court could impose beyond the 15 year statutory maximum was 16.75 years, which was the "recommended sentence" based on scoresheet calculations.
KOGAN and ANSTEAD, JJ., concur.
NOTES
[1] See § 921.0014(2), Fla. Stat. (1995) (explaining that the median recommended sentence under the guidelines is equal to "total sentence points minus 28").