HARRIS, Judge.
Edwards pled guilty to DUI causing serious bodily injury. She ran head on into a tree seriously injuring herself and her passenger. This was her third DUI offense. *257 During her plea, she requested that she be considered a candidate for DAYTOP FLORIDA, an alcohol treatment program. Although the court indicated that it would “seriously consider” the DAYTOP program if Edwards was found to be a good candidate for the program, he never committed to such sentence. Edwards was evaluated for the program and disqualified because she had epilepsy and was subject to seizures. At sentencing, the court imposed a midrange sentence which exceeded the statutory limit. Edwards appeals; we affirm.
First, Edwards claims that the court violated her constitutional rights because it refused to put her in the DAYTOP program as an alternative to incarceration because of her handicap — epilepsy. Her position is simply not supported by the record. Although the court indicated that it would consider the program if she qualified, it did not commit to the program even if she qualified. Her plea was not conditioned on the program in any way. Since she did not qualify for the program, the court did not and could not consider it as an alternative to incarceration. She suggests that since the DAYTOP program is discriminatory, such discrimination should be attributed to the court. We have no way of knowing, certainly not in this record, whether the DAYTOP program has a legitimate reason for excluding those with epilepsy. It might be that permitting such persons into the program would create a danger to themselves or others. But it is clear that the court did not discriminate. The condition for consideration of DAYTOP was not met. The court properly sentenced her to a guideline sentence.
Her argument that if the statutory maximum falls within the guideline range, the statutory maximum controls has now been rejected by the supreme court. See State v. Myers, 713 So.2d 1013 (Fla.1998); Mays v. State, 717 So.2d 515 (Fla.1998).
AFFIRMED.
DAUKSCH and ANTOON, JJ., concur.