PER CURIAM.
Appellant, William Davis, pled nolo conten-dere to three counts of sexual battery on a person less than twelve years old and one count of lewd assault. He challenges the sentence of ten years imprisonment followed by ten years of probation for the lewd assault conviction.
Florida Rule of Appellate Procedure 9.140(b)(2)(B) provides that, in order to properly preserve a sentencing error, a defendant who pleads guilty or nolo contendere must object at the time of sentencing or file a motion to correct the sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). Appellant neither objected to his sentence at the time of sentencing nor filed a motion to correct it afterwards. Consequently, he is precluded from raising this sentencing error for the first time on appeal. See Hyden v. State, 715 So.2d 960, 23 Fla. L. Weekly D1342 (Fla. 4th DCA 1998); Thompson v. State, 708 So.2d 289 (Fla. 4th DCA 1998), review granted, No. 92,435, 718 So.2d 171 (Fla. June 19,1998).
Appellant contends, however, that because the sentence imposed on the lewd assault count, a violation of Florida Statute § 800.04(1) (1997), exceeds the statutory maximum of fifteen years for a second degree felony, Florida Statute § 775.082(3)(c) (1997), it is an illegal sentence reviewable at any time as fundamental error. See Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998) (en banc).
We find that the sentence imposed in this case is not an illegal sentence and, thus, does not constitute fundamental error so as to avoid the preservation requirements of Florida Rule of Appellate Procedure 9.140(b)(2)(B). The Florida Supreme Court recently determined in Mays v. State, 717 So.2d 515, 23 Fla. L. Weekly S387 (Fla.1998) and State v. Myers, 713 So.2d 1013, 23 Fla. L. Weekly S400 (Fla.1998) that a trial court is authorized under chapter 921 to sentence a defendant to any term within the discretionary range, i.e., 25 percent increase and decrease from the median recommended sentence, even if the term is greater than the statutory maximum. Appellant’s split sentence totaling twenty years was within the discretionary range of 19 years to 31^ years reflected on his guidelines seoresheet. Under Mays and Myers, this is not an illegal sentence and there has been no fundamental error.
Accordingly, we affirm the sentence imposed upon appellant in this case.
AFFIRMED.
DELL, SHAHOOD and TAYLOR, JJ., concur.