761 So.2d 419 (2000)
Robert SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3800.
District Court of Appeal of Florida, Second District.
May 24, 2000.
*420 Rochelle L. Lefler, Temple Terrace, (withdrew after briefing); Ellen H. Lorenzen of Dixon, Lorenzen & Myers, P.A., Tampa (substituted as counsel of record), for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Robert Smith appeals his judgment and sentence for aggravated battery on a pregnant victim.[1] Mr. Smith's sole contention on appeal is that the 1995 sentencing guidelines are unconstitutional because the legislature's enactment of chapter 95-184, Laws of Florida, violated the single-subject provision of Article III, Section 6, of the Florida Constitution. We agree and remand for reconsideration of sentence. See Heggs v. State, 759 So.2d 620 (Fla. 2000).
By this opinion, we hold that defendants are normally entitled to challenge their sentences under Heggs if their offense dates[2] fall between October 1, 1995, and May 24, 1997. In order to be entitled to relief, a defendant's sentence under the 1995 guidelines will need to be a departure sentence under the 1994 guidelines. For direct appeals now pending in this court that raise the Heggs issue, we do not anticipate that we will be able to calculate scoresheets under the 1994 guidelines in most cases because that function can involve issues of fact. Thus, rather than reversing sentences affected by Heggs, we intend to remand these cases to the trial courts to calculate new scoresheets. Cf. Brim v. State, 695 So.2d 268, 275 (Fla. 1997) (remanding for Frye hearing without reversing conviction). If the trial court determines that it must vacate an existing sentence, it should conduct a new sentencing hearing and impose a new sentence. Trial courts are cautioned that the defendant's right to counsel during the proceedings *421 on remand from these direct appeals should be scrupulously honored.[3]

I. THE WINDOW PERIOD: USUALLY OCTOBER 1, 1995, TO MAY 24, 1997
Mr. Smith's offense occurred on November 27, 1996. At the sentencing hearing on August 19, 1998, the trial court declined to treat Mr. Smith as a habitual offender but imposed the maximum sentence permitted under the 1995 guidelines, 104.4 months' imprisonment. Thereafter, in Heggs, the supreme court held that the 1995 sentencing guidelines were unconstitutionally enacted. See Heggs, 759 So.2d at 622. It also held that the date of the offense, not the date of the sentencing hearing, determines whether a defendant has standing to challenge the constitutionality of the 1995 guidelines. Id. at 622. In its revised opinion, the supreme court clarified that only those persons serving sentences imposed pursuant to the 1995 guidelines whose sentences would have constituted a departure sentence under the 1994 guidelines stand to benefit from the court's holding. See Heggs, 759 So.2d at 627-28.
Although it is now clear that the offense date is the target date for determining cases in which a defendant may argue that he or she is entitled to resentencing under Heggs, the precise range of offense dates allowing for this challenge is still subject to some uncertainty. For most cases, the earliest offense date should be October 1, 1995. However, we caution lawyers and trial judges that certain sections of chapter 95-184 became effective on earlier dates.[4]
There would appear to be no debate that the window for challenge extends at least to October 1, 1996.[5]See Diaz v. State, 752 So.2d 105 (Fla. 3d DCA 2000) (discussing the two closing dates and the analysis behind each). This court in Heggs v. State, 718 So.2d 263, 264 n. 1 (Fla. 2d DCA 1998), suggested that the window of unconstitutionality closed with the passage of chapter 97-97, Laws of Florida, on May 24, 1997. Chapter 97-97 reenacted the provisions contained in chapter 95-184 as part of the legislature's biennial adoption of the Florida Statutes.
The supreme court in Heggs declined to address the date on which the window for challenging the constitutionality of chapter 95-184 closed. See Heggs, 759 So.2d at 622. Based upon the date his offense occurred, Mr. Smith has standing to challenge his sentence only if May 24, 1997, constitutes the proper date on which the window closed. We now expressly adopt May 24, 1997, as the appropriate date.
The supreme court's recent decision in Salters v. State, 758 So.2d 667 (Fla.2000), supports this decision. In Salters, the supreme court held that the window for challenging the violent career criminal sentencing provisions created by chapter 95-182, Laws of Florida, opened on October 1, 1995, when chapter 95-182 became effective, and closed on May 24, 1997, when *422 chapter 97-97, Laws of Florida, reenacted the amendments contained in chapter 95-182 as part of the biennial adoption process.
The supreme court in Salters rejected the State's argument that the legislature's enactment of chapter 96-388, Laws of Florida, which amended several statutory provisions previously addressed in chapter 95-182, cured the single-subject problems implicated in chapter 95-182. See Salters, 758 So.2d at 671. The supreme court instead concluded that the legislature's passage of chapter 96-388 failed to separate the dissimilar provisions contained in chapter 95-182 by reenacting them into law separately. Id. The supreme court accordingly held that the single-subject problems within chapter 95-182 were not cured until chapter 97-97 reenacted the amendments contained in chapter 95-182 as part of the biennial adoption process. Id.
The supreme court's analysis in Salters substantiates this court's conclusion in Heggs that the closing date for challenging the constitutionality of chapter 95-184 is May 24, 1997. Chapter 96-388 also made certain amendments to the sentencing guidelines provisions of chapter 95-184. Those amendments, however, did not cure the single-subject problems inherent in chapter 95-184 by separation and reenactment of the dissimilar provisions. As the First District points out in Henry v. State, ___ So.2d ___, 2000 WL 632597 (Fla. 1st DCA May 18, 2000), the amendments to the sentencing guidelines provisions were not reenactments at all. Rather, those provisions of chapter 96-388 further amended the guidelines. Hence, as we concluded in Heggs, the single-subject problems within chapter 95-184 were not cured until the legislature's reenactment of the sentencing guidelines provisions in chapter 97-97. See 718 So.2d at 264 n. 1.

II. THE REMAND IN THIS CASE AND IN OTHER HEGGS CASES
The supreme court has announced that defendants such as Mr. Smith will benefit from its opinion in Heggs only if the sentence imposed under the 1995 sentencing guidelines would constitute an impermissible departure sentence under the 1994 guidelines. See Heggs, 759 So.2d at 627-28. This court has more than one hundred cases pending that have raised the Heggs issue. In some appeals, it is rather obvious that the defendant will be entitled to a new sentence; in others it is not. Rarely do we have an actual scoresheet prepared under the 1994 guidelines that was reviewed and approved by the trial court. Although this court could probably construct reasonable facsimiles of 1994 scoresheets in most of these appeals, the expertise to perform this task rests in the trial courts, and we are concerned that there will be contested issues of fact in some of these cases.
Thus, we decline to calculate a new scoresheet based upon the 1994 guidelines to ascertain whether Mr. Smith is entitled to relief, and defer instead to the circuit court on remand to make that determination. If Mr. Smith's sentence of 104.4 months falls within the range permitted by the 1994 sentencing guidelines, resentencing will be unnecessary, and the circuit court should enter an order demonstrating that Mr. Smith's sentence does not require adjustment. The order declaring resentencing unnecessary, similar to an order denying a postconviction motion, should attach all documents necessary to support that conclusion including the newly prepared scoresheet. If his current sentence exceeds the range permitted under the 1994 guidelines, however, Mr. Smith will be entitled to relief and must be resentenced.[6]
*423 If a trial court determines on remand that it does not need to revise a sentence, it will not alter the existing sentence. Although such an order declining to resentence a defendant probably could be appealed as a non-final order entered after final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(4), we conclude that the better method to challenge the continuation of the existing sentence will be by motion to enforce mandate filed directly in this court in the appellate proceeding from which the mandate emanated.[7] To avoid any jurisdictional issues, such motions should be filed within the time allowed for a direct appeal. If the trial court resentences the defendant, the defendant is entitled to file a new appeal from the new sentence.
Remanded for reconsideration of sentencing in accordance with Heggs.
WHATLEY and CASANUEVA, JJ., Concur.
NOTES
[1] See § 784.045(1)(b), Fla. Stat. (1995).
[2] This court passed through to the supreme court pursuant to Florida Rule of Appellate Procedure 9.125 the constitutionality of the 1995 sentencing guidelines in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998). In that opinion, this court suggested that the date of the imposition of sentence governed an appellant's standing to challenge the guidelines. This suggestion was corrected by the supreme court in Heggs v. State, 759 So.2d 620 (Fla. 2000), which properly identifies the date of the offense as determinative of a criminal defendant's standing to challenge the constitutionality of the 1995 sentencing guidelines.
[3] We are aware that many prisoners are filing postconviction motions raising the Heggs issue. It may not be essential for the trial courts to appoint counsel when they are determining the facial sufficiency of such motions. However, if the prisoner's offense date is within the window and a new scoresheet must be calculated, it may be sensible for the trial court to appoint counsel. Certainly, if the prisoner's sentence is vacated, the right to counsel will apply at any resentencing.
[4] The primary sections of chapter 95-184 that affect guidelines sentencing are sections 4 through 6. All of those sections recite that they apply to offenses committed on or after October 1, 1995. Sections 13, 14, 15, 17 through 24, 36, 37, and 38 also became effective on October 1, 1995. Section 16 applies to offenses committed on or after July 1, 1995. All remaining sections of the act went into effect when the act became a law on June 8, 1995.
[5] This court, when remanding Heggs cases, will attempt to cite the relevant offense date or dates so that all will know whether the case falls within the undisputed window of Heggs' applicability or within the debatable window.
[6] At this time, we take no position on whether the trial court can reconsider the appropriateness of a habitual offender sentence if the 1994 guidelines result in a substantially shorter sentence for Mr. Smith.
[7] Such a motion should be accompanied by an appendix containing all necessary record information required to review the trial court's order.