PARKER, Acting Chief Judge.
Willie Cheaves (Cheaves) challenges the judgment and sentence entered against him after the jury found him guilty of armed robbery; second-degree murder; shooting at, into, or within a motor vehicle; and after he pleaded no contest to possession of a firearm by a convicted felon. We affirm Cheaves’ convictions, but remand for the trial court to determine whether Cheaves is entitled to be resentenced be *1163 cause the sentencing guidelines the trial court used are unconstitutional.
Cheaves first argues that the trial court erred in denying his motion to suppress statements he made to the victims before the police arrived because those statements were coerced. During the pen-dency of this appeal, the Florida Supreme Court held that statements made to persons other than state actors are admissible even if coerced; however, the jury should be instructed to consider the coercive and involuntary nature of the statements when evaluating their credibility. See Snipes v. State, 733 So.2d 1000, 1007 (Fla.1999). The record reflects that the jury was properly instructed concerning Cheaves’ statements to the victims. Therefore, we affirm the trial court’s denial of his motion to suppress these statements.
Cheaves next argues that his sentence is illegal because it was imposed pursuant to unconstitutional sentencing guidelines. In sentencing Cheaves, the trial court relied upon the sentencing guidelines as amended in 1995 by chapter 95-184, Laws of Florida. The Florida Supreme Court recently held that chapter 95-184 is unconstitutional as a violation of the single subject rule contained in article III, section 6, of the Florida Constitution. See Heggs v. State, 759 So.2d 620 (Fla.2000). We therefore remand this case to the trial court for a determination as to whether Cheaves is entitled to be resentenced. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
CASANUEVA, J., and DANAHY, PAUL W., (Senior) Judge, Concur.