760 So.2d 293 (2000)
Mondrell D. GEORGE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-534.
District Court of Appeal of Florida, Second District.
June 14, 2000.
PER CURIAM.
Mondrell George appeals the denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Mr. George was sentenced on September 27, 1997, under the 1995 sentencing guidelines for an offense that apparently occurred on November 11, 1996. The trial court denied the motion, relying on our decision in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998), that suggested that the relevant window to challenge the 1995 sentencing guidelines was determined by the date of sentencing. Because it is now clear that the date of offense is the relevant date, we must reverse and remand for further consideration of this motion. See Smith v. State, 761 So.2d 419, 421 (Fla. 2d DCA 2000).
We remand for the trial court to determine whether Mr. George in fact committed his offenses within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Mr. George must be resentenced in accordance with the valid guidelines in existence at the time he committed his offenses. If the court enters an order declaring *294 resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith, 761 So.2d at 422.
Reversed and remanded for further proceedings in accordance with this opinion.
ALTENBERND, A.C.J., and WHATLEY and SALCINES, JJ., Concur.