PER CURIAM.
Appellant challenges his convictions for one count of robbery with a deadly weapon, one count of aggravated battery with a deadly weapon, and one count of attempted carjacking with a weapon.[1] He claims that because the same flat-head screwdriver was used in all three counts, albeit on three different victims, the verdicts were inconsistent because the same screwdriver could not be both a deadly weapon in the first two counts and a plain weapon in the third. Because the facts show that appellant used the screwdriver differently on the victims in the first two counts than on the victim in the third count, the verdicts are not truly inconsistent and, therefore, must stand. See Fayson v. State, 698 So.2d 825 (Fla.1997); see also Gonzalez v. State, 440 So.2d 514 (Fla. 4th DCA 1983). Accordingly, we affirm his convictions.
Appellant also challenges his sentences imposed under the 1995 version of the sentencing guidelines, enacted in chapter 95-184, Laws of Florida. He argues the unconstitutionality of chapter 95-184 as violative of the single-subject requirement of Article III, Section 6, of the Florida Constitution. The Florida Supreme Court has recently agreed with this argument. See Heggs v. State, 759 So.2d 620 (Fla.2000). Because he committed these crimes on May 21, 1996, thus falling within the undisputed window period for relief under Heggs, and has properly preserved this issue, he is entitled to reconsideration of his sentence in accordance with our recent opinion in Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Convictions affirmed; remanded for reconsideration of sentencing in accordance with Heggs and Smith.
PARKER, A.C.J., CASANUEVA, J., and DANAHY, PAUL W., (Senior) Judge, Concur.

. See §§ 812.13(1) & (2)(a), 784.045, 812.133, and 777.04 Fla. Stat. (1995). All three crimes were committed on May 21, 1996.