STRINGER, Judge.
Gwendolyn Barber challenges her judgment and sentence for driving under the influence with serious bodily injury.[1] Bar *326 ber’s counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find no merit to the issues raised by Barber. However, our independent review of the record reveals that Barber may be entitled to resentencing.
The Supreme Court of Florida has recently ruled that chapter 95-184, Laws of Florida, which enacted the 1995 sentencing guidelines, violates the single subject rule. See Heggs v. State, 759 So.2d 620 (Fla.2000). The record reveals that Barber was sentenced under the 1995 sentencing guidelines. Since her offense was committed on July 27, 1996, Barber has standing to assert entitlement to resentencing. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000) (holding that the window period for standing to challenge chapter 95-184 on single subject rule grounds in most cases opened on October 1, 1995, and closed on May 24, 1997).
In this case, the trial court stated at the sentencing hearing that its “intention was to give [Barber] the bottom of the guidelines, whatever that happened to be.... ” We recognize that Heggs does not require resentencing unless a defendant’s sentence under the 1995 guidelines constitutes a departure sentence under the 1994 guidelines. See Smith, 761 So.2d 419. This is a case in which that result may seem harsh because it is unlikely that Barber will have a right to resentencing on remand.[2] However, even if Heggs would not require re-sentencing, the trial court, in its discretion, may reduce or modify Barber’s sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). We remand this case to the trial court to reconsider this sentence. See Smith, 761 So.2d 419.
Remanded for reconsideration.
BLUE, A.C.J., and ALTENBERND, J., Concur.

. This case was previously before this court on an unrelated issue in State v. Barber, 727 So.2d 996 (Fla. 2d DCA 1999).

. Based on our informal calculation of Barber's 1994 guidelines scoresheet, it appears her sentence would not constitute a departure sentence under the 1994 guidelines. We, however, express no opinion on this issue and leave it to the trial court to make an official calculation of Barber's 1994 guidelines score-sheet.