GREEN, Judge.
Steven Reed appeals from the sentences imposed upon him in five separate cases following his entry of nolo contendere pleas to several burglaries and dealing in stolen property. He argues that, because the 1995 sentencing guidelines have been declared unconstitutional, he is entitled to resentencing under the 1994 guidelines. See Heggs v. State, 759 So.2d 620 (Fla.2000). Reed is partly correct. He is entitled to relief in the cases in which his offenses occurred within the period for challenging the statute,[1] between October 1, 1995, and May 24, 1997, if the sentences in those cases constitute departure sentences under the 1994 guidelines. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000). Therefore, we remand case numbers 98-564, 98-566, and 98-11670 to the trial court for recalculation of Reed’s scoresheet under the 1994 guidelines. Because the dates of the offenses in case numbers 98-346 and 98-347 do not fall *1242 within the window period defined in Smith, we affirm the sentences in those cases.
Reed also argues that the trial court erred in failing to give him a downward departure sentence. He claims he met the criteria under section 921.0016(4)(i) and (j), Florida Statutes (1995), permitting the mitigation of a sentence when the defendant has cooperated with police and when the offense was an isolated incident for which the defendant has shown remorse. Whether to impose a departure sentence is a matter within the trial court’s sound discretion. See Banks v. State, 732 So.2d 1065 (Fla.1999) (stating that the decision whether to depart is a judgment call based on the totality of the circumstances which will be sustained on review absent an abuse of discretion). Reed has failed to show that the trial court abused its discretion in this case.
Accordingly, we affirm the sentences in case numbers 98-346 and 98-347 and remand case numbers 98-564, 98-566, and 98-11670 to the trial court for reconsideration of the sentences under the 1994 guidelines.
Affirmed in part; reversed in part with directions.
THREADGILL, A.C.J., and WHATLEY, J., Concur.

. The offenses occurred: in case number 98-346, between July 20 and August 20, 1997; in case number 98-347, between November 10 and 24, 1997; in case number 98-564, between July 20 and October 2, 1996; and in case number 98-11670, between May 10 and December 11, 1996.