PER CURIAM.
Bernard Maybin appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Maybin alleges that he was sentenced under the *787 1995 sentencing guidelines for an offense that occurred during the period in which the guidelines have been found invalid.[1] See Heggs v. State, 759 So.2d 620 (Fla. 2000),.
The circuit court interpreted Maybin’s pro se motion as alleging that he was sentenced as a violent career criminal during a time in which that statute was invalid, see State v. Thompson, 750 So.2d 643 (Fla.1999), and denied it on the basis that Maybin was not sentenced as a violent career criminal. Although Maybin’s pro se motion is not a picture of clarity, we believe that he adequately alleged a claim for relief under Heggs. Accordingly, we reverse and remand for further consideration of his motion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
On remand, the circuit court shall determine whether Maybin in fact committed his offense within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Maybin must be resentenced in accordance with the valid guidelines in existence at the time he committed his offense. If the court enters an order declaring resen-tencing unnecessary, it should attach all documents 'necessary to reach that conclusion. See Smith, 761 So.2d 419.
Reversed and remanded for further proceedings in accordance with this opinion.
FULMER, A.C.J., and NORTHCUTT and DAVIS, JJ., Concur.

. Although the date of Maybin's offense is not clear from the record now before the court, the State conceded below that it was within the relevant period.