PER CURIAM.
Gary Winkleman appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Winkleman alleges that he was sentenced under the 1995 sentencing guidelines for an offense that occurred during the period in which the guidelines have been found invalid. See Heggs v. State, 759 So.2d 620 (Fla.2000).
The trial court interpreted Winkleman’s pro se motion as alleging that he was sentenced as a violent career criminal during a time in which that statute was invalid, see State v. Thompson, 750 So.2d 643 (Fla.1999), and denied it on the basis that Winkleman was not in fact sentenced as a violent career criminal. Although Winkle-man cites to Thompson in support of his motion, it is clear from his motion that he is making a claim for relief under Heggs. Accordingly, we reverse and remand for further consideration of his motion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
On remand, the trial court shall determine whether Winkleman in fact committed his offense within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Winkleman must be resentenced in accordance with the valid guidelines in existence at the time he committed his offense. If the court enters an order declaring resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith, 761 So.2d 419.
Reversed and remanded for further proceedings in accordance with this opinion.
PARKER, A.C.J., and ALTENBERND and FULMER, JJ., Concur.