PER CURIAM.
Morris Miller' appeals the denial of his motion to correct illegal sentence. Appellant was sentenced for an offense committed on October 8, 1996.' The trial court denied the motion, relying on our decision *1068 in Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999)(holding that the window of opportunity to raise a single-subject constitutional challenge to the 1995 sentencing guidelines closed on October 1,1996).
The Florida Supreme Court recently ruled that the operative window period for challenging the 1995 guidelines opened October 1, 1995 and closed on May 27, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000). Thus, appellant’s offense was committed within the relevant window period.
We therefore remand for the trial court to reconsider appellant’s sentence. If the court determines on remand that appellant’s sentence could not have been imposed under the 1994 Guidelines without a departure, then it shall resentence appellant in accordance with the valid guidelines in existence at the time he committed his offenses. If the court determines that it need not resentence appellant, it shall attach all documents supporting such determination to its order. See Heggs v. State, 759 So.2d 620 (Fla.2000); Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000); George v. State, 760 So.2d 293 (Fla. 2d DCA 2000).
DELL, STEVENSON and TAYLOR, JJ., concur.