NORTHCUTT, Judge.
A jury convicted Charles Singleton of sale and possession of cocaine. He also pleaded guilty to two grand theft charges, and was sentenced under the 1995 guidelines for all these crimes. He asks this court to grant him a new trial on the drug convictions, arguing that the circuit court failed to conduct a proper Nelson[1] inquiry when he sought to discharge his counsel for ineffectiveness. We hold the inquiry was sufficient and affirm the cocaine-related convictions. Singleton did not challenge the grand theft convictions on appeal.
The supreme court has held the 1995 sentencing guidelines were unconstitutionally enacted and that certain defendants sentenced pursuant to those guidelines may be entitled to resentencing. See Heggs v. State, 759 So.2d 620 (Fla.2000). The offense date for Singleton’s sale and possession of cocaine charges was January 6, 1997. This offense date falls within the window period for challenging the 1995 sentencing guidelines. See Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that the window period opens on October 1, 1995 and closes on May 24, 1997). Because Singleton’s drug offenses were committed within this window period, we remand this case to the trial court to reconsider his sentences for those crimes pursuant to Heggs and Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000). The record does not indicate the offense dates for the grand theft charges that were resolved at the same sentencing hearing. The circuit court should determine if those crimes were committed during the window period discussed above, and if so, reconsider Singleton’s sentences for the grand thefts as well.
Convictions affirmed, sentences remanded.
FULMER, A.C.J., and DAVIS, J., Concur.

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).