PER CURIAM.
Florence Muhammad a/k/a Gail Williams appeals the summary denial of her motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Relying upon Heggs v. State, 759 So.2d 620 (Fla.2000), she challenged her sentence under the 1995 sentencing guidelines for an offense committed on December 14,1996.
The state properly concedes that, in light of Trapp v. State, 760 So.2d 924 (Fla. 2000)(holding that the window period for Heggs challenges runs from October 1, 1995 through May 24, 1997), this matter should be remanded to the trial court to determine whether appellant was adversely affected by the chapter 95-184 amendments enacting the 1995 sentencing guidelines.
Accordingly, we reverse the order denying appellant’s motion and remand for the trial court to consider whether resentenc-ing is required. If the trial court determines that appellant’s sentence could not have been imposed under the 1994 version of the sentencing guidelines without a departure, it shall resentence her in accordance with the valid guidelines in existence at the time her offense was committed. If it determines there is no need to resen-tence her, the trial court shall attach to its order of denial all documents supporting such determination. See Heggs; Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000); George v. State, 760 So.2d 293 (Fla. 2d DCA 2000).
REVERSED and REMANDED for further proceedings consistent with this opinion.
POLEN, STEVENSON and TAYLOR, JJ., concur.