PER CURIAM.
Vincent G. Wallace appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging that he was sentenced under an unconstitutional version of the 1995 guidelines. Wallace was sentenced on December 2, 1997. Wallace alleges that the date of the offense was January 8, 1997. The trial court denied the motion, finding that the 1995 sentencing guidelines were constitutional. Accordingly, we reverse and remand for further consideration of this motion. See Heggs v. State, 759 So.2d 620 (Fla.2000).
We remand for the trial court to determine whether Wallace in fact committed his offense within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Wallace must be resen-tenced in accordance with the valid guidelines in existence at the time he committed his offenses. If the court enters an order declaring resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings in accordance with this opinion.
CAMPBELL, A.C.J., and PARKER and ALTENBERND, JJ., Concur.