PER CURIAM.
We review the order of the trial court summarily denying Jeffrey Payne’s motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, appellant challenges his sentence imposed under the 1995 sentencing guidelines for an offense committed on March 31, 1997. The trial court denied the motion, relying on our decision in Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999).
The -Supreme Court of Florida has recently held the operative window period in which to challenge the sentencing guide'line provisions amended by Chapter 95-184, Laws of Florida, commenced on October 1, 1995, and ended on May 24, 1997. See Trapp v. State, 760 So.2d 924 (Fla.2000).
Accordingly, we reverse the order denying appellant’s motion and remand for the trial court to consider whether resentenc-ing is required. If the trial court determines that appellant’s sentence could not have been imposed under the 1994 version of the sentencing guidelines without a departure, it shall resentence him in accordance with the valid guidelines in existence at the time his offense was committed. If it determine there is no need to resentence him, the trial court shall attach to its order of denial all documents supporting such determination. See Heggs v. State. 759 So.2d 620 (Fla.2000); Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000); *1284 George v. State, 760 So.2d 293 (Fla. 2d DCA 2000).
REVERSED and REMANDED for further proceedings consistent with this opinion.
DELL, POLEN and TAYLOR, JJ., concur.