PER CURIAM.
Ricardo Cassanova appeals the summary denial of his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, in which he challenged his prison sentences, claiming that the trial court erred in using the 1995 sentencing guidelines in sentencing him for offenses committed on March 31, 1997, pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court’s denial was based on this court’s opinion in Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999), abrogated by Trapp v. State, 760 So.2d 924 (Fla.2000), which found that defendants had standing to raise this challenge if their offense was committed on or after October 1, 1995, and before October 1, 1996. However, the supreme court has since decided otherwise. See Trapp (holding that those persons with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1995, and before May 24, 1997).
In response to this court’s order to show cause, the state submits that because Appellant’s offense were committed within the window period during which the 1995 amendments to the sentencing guidelines were unconstitutional, the matter should be remanded to the trial court to determine whether resentencing is required under Heggs. We agree, and accordingly, we reverse the order of denial and direct the trial court on remand to determine whether resentencing is required. If the trial court determines that Appellant’s sentences could not have been imposed under the 1994 version of the sentencing guidelines without a departure, it shall resen-tence him in accordance with the valid guidelines in existence at the time his offenses were committed. If it determines there is no need to resentence him, the trial court shall attach to its order of denial all documents supporting such determination. See Heggs; Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000); George v. State, 760 So.2d 293 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings consistent with this opinion.
STONE, KLEIN and HAZOURI, JJ., concur.