PER CURIAM.
Lawrence Kelly appeals the dismissal of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Kelly was sentenced under the 1995 sentencing guidelines for an offense that allegedly occurred on July 21, 1996, within the relevant window to challenge such sentencing. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000). The trial court denied relief on the basis that this court in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998) declined to find that Chapter 95-184, Laws of Florida, violated the single subject rule. We reverse.
The supreme court has now determined that Chapter 95-184, Laws of Florida, does violate the single subject rule. See Heggs v. State, 759 So.2d 620 (Fla.2000). It appears that Kelly’s offense occurred within the relevant window for challenging sentencing under the 1995 guidelines, and he alleges that his current sentence exceeds the permitted sentencing range under 1994 guidelines.
We accordingly remand for the trial court to determine whether Kelly in fact committed his offenses within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Kelly must be resen-tenced in accordance with the valid guidelines in existence at the time he committed his offenses. If the court enters an order declaring resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith, 761 So.2d at 420.
Reversed and remanded for further proceedings in accordance with this opinion.
BLUE, A.C.J., and FULMER and CASANUEVA, JJ., Concur.