PER CURIAM.
Gary Jerome Nealy (Appellant) appeals the summary denial of his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, in which he challenged his prison sentence of 79.6 months, claiming that the trial court erred in using the 1995 sentencing guidelines in sentencing him for an offense committed on April 6, 1997, pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). He alleged that a corrected score-sheet prepared under the 1994 guidelines would produce a sentencing range of 39.75 to 66.25 months.
*1291 The state concedes that .Appellant’s offense was committed within the window period during which the 1995 amendments to the sentencing guidelines were unconstitutional. See Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that those persons with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1995, and before May 24, 1997).
Accordingly, we reverse the order denying appellant’s motion to correct illegal sentence. On remand, the trial court shall determine whether resentencing is required. If the trial court determines that Appellant’s sentence could not have been imposed under the 1994 version of the sentencing guidelines without a departure, it shall resentence him in accordance with the valid guidelines in existence at the time his offense was committed. If it determines there is no need to resentence him, the trial court shall attach to its order of denial all documents supporting such determination. See Heggs; Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000); George v. State, 760 So.2d 293 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings consistent with this opinion.
DELL, KLEIN and HAZOURI, JJ., concur.