PER CURIAM.
Manzell Arnold appeals the summary denial of his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, in which he challenged his prison sentence of 276.25 months, claiming that the trial court erred in using the 1995 sentencing guidelines in sentencing him for an offense committed on April 1, 1997, pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), alleging that a corrected scoresheet prepared under the 1994 guidelines would produce a sentencing range of 108 to 180 months. He also claimed he could not be sentenced to more than fifteen years for a second degree felony.
The trial court’s denial was based on this court’s opinion in Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999), abrogated by Trapp v. State, 760 So.2d 924 (Fla.2000), which found that defendants had standing to raise this challenge if their offense was committed on or after October 1, 1995, and before October 1,1996. However, the supreme court has since decided otherwise. See Trapp (holding that those persons with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1995, and before May 24, 1997).
Because Appellant’s offense was committed within the window period during which the 1995 amendments to the sentencing guidelines were unconstitutional, we reverse the order denying appellant’s motion to correct illegal sentence. On remand, the trial court shall determine whether resentencing is required. If the trial court determines that Appellant’s sentence could not have been imposed under the 1994 version of the sentencing guidelines without a departure, it shall resen-tence him in accordance with the valid *982 guidelines in existence at the time his offense was committed. See Heggs, 759 So.2d at. 627. If it determines there is no need to resentence him, the trial court shall attach to its order of denial all documents supporting such determination. See Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000); George v. State, 760 So.2d 293 (Fla. 2d DCA 2000).
We note that if the 1994 guidelines scoresheet produces a sentence that exceeds fifteen years, Appellant is wrong in claiming that his sentence cannot exceed that statutory maximum under section 775.082(3)(c), Florida Statutes (1995). For offenses committed on or after January 1, 1994, if the recommended guidelines sentence exceeds the statutory maximum, the recommended guidelines sentence must be imposed. See § 921.0014(2), Fla. Stat. (1997); Mays v. State, 717 So.2d 515 (Fla.1998); State v. Myers, 713 So.2d 1013 (Fla.1998).
Reversed and remanded for further proceedings consistent with this opinion.
GUNTHER, POLEN and SHAHOOD, JJ., concur.