768 So.2d 1168 (2000)
Leroy ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2103.
District Court of Appeal of Florida, Fourth District.
September 13, 2000.
Leroy Allen, Arcadia, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Leroy Allen appeals the summary denial of his motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, in which he challenged his prison sentence of 70 months, a downward departure sentence. Appellant claims that the trial court erred in using the 1995 sentencing guidelines in sentencing him for an offense committed on March 14, 1997, pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), and alleges that a corrected scoresheet prepared under the 1994 guidelines would have produced a sentencing range of 40.5 to 67.5 months. He also complained that his accrued gain time was affected by the amendment to section 944.275(4), claiming it was changed by chapter 95-184.
The trial court issued two separate denials of appellant's motion, one relating to an offense committed on March 3, 1995. Appellant's conditional release on the 1995 offense was violated by the commission of the 1997 offense. To the extent appellant's motion may be construed as seeking resentencing on the 1995 offense, committed prior to the 1995 sentencing guidelines went into effect, we affirm the denial of such relief.
The trial court's denial as to the 1997 offense was based on this court's opinion in Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999), abrogated by Trapp v. State, 760 So.2d 924 (Fla.2000), which found that defendants had standing to raise this challenge if their offense was committed on or *1169 after October 1, 1995, and before October 1, 1996. However, the supreme court has since decided otherwise. See Trapp (holding that those persons with standing to challenge their sentences under Heggs were those whose offenses were committed on or after October 1, 1995, and before May 24, 1997).
In response to this court's order to show cause, the state submits that because appellant's 1997 offense was committed within the window period during which the 1995 amendments to the sentencing guidelines were unconstitutional, the matter should be remanded to the trial court to determine whether resentencing is required under Heggs. Accordingly, we reverse the order entered May 12, 2000, denying appellant's motion as to the 1997 offense, and the order entered May 30, 2000, denying appellant's motion for rehearing. On remand, the trial court shall determine whether resentencing as to the 1997 offense is required. If the trial court determines that appellant's sentence could not have been imposed under the 1994 version of the sentencing guidelines without a departure, it shall resentence him in accordance with the valid guidelines in existence at the time his offense was committed. If it determines there is no need to resentence him, the trial court shall attach to its order of denial all documents supporting such determination. See Heggs; Speed v. State, 764 So.2d 873 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA May 24, 2000); George v. State, 760 So.2d 293 (Fla. 2d DCA 2000).
The state further argues that any claim regarding appellant's entitlement to gain time must first be presented administratively to the Department of Corrections; if he is not satisfied with the department's final ruling, his remedy then would be to file a petition for writ of mandamus in the appropriate circuit court. We agree. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000)(affirming denial of post-conviction motion seeking additional gain time pursuant to Heggs without taking a position on the merits of the claim, but noting that although section 26 of chapter 95-184 affects the gain-time statute, the major 1995 amendment to that statute, section 944.275, occurred in chapter 95-294, which Heggs did not address); Newsome v. Singletary, 637 So.2d 9, 11 (Fla. 2d DCA 1994).
Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
WARNER, C.J., KLEIN and HAZOURI, JJ., concur.