PER CURIAM.
Appellant argues, and the state concedes, that he was not properly credited for both prison and jail time served upon revocation of probation and sentencing. The state acknowledges that the sentence, as it stands, exceeds the statutory maximum for third degree felonies. We agree that appellant must be given full credit for both jail time and prison time served against his sentence for violation of probation in Bay County Case No. 95-2851H. We therefore reverse the sentence and remand for an award of appropriate credit.
Appellant further contends, and appellee agrees, that his case falls within the window of unconstitutionality created by Heggs v. State, 759 So.2d 620 (Fla.2000), with regard to the 1995 sentencing guidelines.
In accordance with this court’s opinion in Williams v. State, 769 So.2d 403 (Fla. 1st DCA 2000), we remand the case to the trial court for its determination whether Holland’s sentence could have been imposed under the 1994 guidelines without an upward departure, and for such further proceedings as Williams requires. See also, Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
REVERSED in part and REMANDED for further proceedings in accordance with this opinion.
JOANOS, ALLEN and KAHN, JJ., CONCUR.