769 So.2d 1097 (2000)
Greg BAXTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3815.
District Court of Appeal of Florida, Second District.
September 27, 2000.
PER CURIAM.
Greg Baxter appeals the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In support of his motion, Baxter argues both that the 1995 sentencing guidelines are unconstitutional and that the court improperly used out-of-state convictions as a basis for imposing a habitual offender sentence. The trial court, without including any attachments to its order, denied Baxter's claims. We reverse.
A challenge to a sentence imposed under the 1995 sentencing guidelines during the window of unconstitutionality is a legitimate issue to raise by rule 3.800(a) motion. See Brown v. State, 662 So.2d 1358 (Fla. 3d DCA 1995). Additionally, challenges questioning whether a predicate offense giving rise to habitualization is properly qualifying can be raised by rule 3.800(a) motion. See White v. State, 666 So.2d 895 (Fla.1996). As Baxter stated cognizable claims, it was error for the trial court to deny the motion without attaching portions of the record which conclusively refute his claims. See Ducharme v. State, 690 So.2d 1358 (Fla. 2d DCA 1997). Accordingly, we remand the matter for further consideration by the trial court. If the court enters an order declaring that resentencing is unnecessary for Baxter, it should attach to its order the record documents used to justify that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings in accordance with this opinion.
BLUE, A.C.J., and STRINGER and DAVIS, JJ., Concur.