PER CURIAM.
Michael Melley appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He claims that his sentences for offenses committed on November 16, 1995, are illegal because they were imposed using the 1995 sentencing guidelines. See Heggs v. State, 759 So.2d 620 (Fla.2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000). His motion admits, however, that his current sentence would not be an upward departure sen *1122 tence if a 1994 sentencing guidelines score-sheet had been used. Accordingly, he is not entitled to relief through a rule 3.800(a) motion.
He further alleges that he negotiated a plea to a sentence at the bottom of the guidelines. This is not a basis for relief under rule 3.800(a). If he is entitled to any relief on this ground, he must file a motion to withdraw his plea under rule 3.850. See Buckingham v. State, 25 Fla. L. Weekly D1850 (Fla. 2d DCA Aug.4, 2000). We take no position on whether such a motion would be timely more than two years after his sentences became final, nor do we suggest what factual allegations might be sufficient for such a claim.
Affirmed.
PARKER, A.C.J., and ALTENBERND and SALCINES, JJ., Concur.