PER CURIAM.
Clarence Wilson appeals his judgment and sentence for possession of cocaine.[1] The only issue raised on direct appeal was Wilson’s sentence in light of Heggs v. State, 759 So.2d 620 (Fla.2000). The record, however, does not contain the 1995 scoresheet used in Wilson’s sentencing. We accordingly must remand to the trial court to determine whether Wilson in fact *544 committed his offense within the Heggs window, and if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Wilson must be resen-tenced in accordance with the valid guidelines in existence at the time he committed his offense. If the court enters an order declaring resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
544
Remanded for reconsideration of sentencing in accordance with Heggs.
ALTENBERND, A.C.J., and NORTHCUTT and SALCINES, JJ., concur.

. Wilson was apparently sentenced to concurrent terms of seven years' incarceration in circuit court case number CRC 97-00428 CFANO and circuit court case number CRC 97-07457 CFANO. His conviction in case number 97-00428 is the only case on direct appeal. However, he may be entitled to re-sentencing in both cases.