PER CURIAM.
Donna Winchester appeals the summary denial of her motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Winchester’s motion alleged that she is entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court denied the motion, finding that Winchester’s sentence could have been imposed under the 1994 guidelines without a departure and that therefore she was not entitled to relief. See id. at 627. But the 1994 scoresheet prepared by the State and attached to the trial court’s order does not support this conclusion. Rather, it appears from the scoresheet that Winchester’s sentence would have been an upward departure under the 1994 guidelines and she would be entitled to resentencing under Heggs. Accordingly, we reverse and remand for further proceedings.[1]
Reversed and remanded.
THREADGILL, A.C.J., and NORTHCUTT and GREEN, JJ., concur.

. We also note that the 1994 scoresheet attached to the trial court's order is nearly illegible, and we caution that the failure to attach legible copies of record documents necessary to determine that resentencing was not mandated would, standing alone, require reversal. See George v. State, 760 So.2d 293 (Fla. 2d DCA 2000).