PER CURIAM.
Mondrell George challenges the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
In his motion, George alleged that he was sentenced under an unconstitutional version of the 1995 sentencing guidelines and that the sentence imposed was a departure under the 1994 sentencing guidelines. The trial court summarily denied the motion, and in George v. State, 760 So.2d 293 (Fla. 2d DCA 2000), we reversed the order of the trial court and remanded for the trial court to determine whether George committed his offenses within the Heggs window.[1] The trial court correctly determined that the offenses were within the Heggs window; however, the trial court again denied George’s motion, finding that George was sentenced as a habitual offender and that the sentencing guidelines did not apply. The trial court was correct in its reasoning. See Gibson v. State, 775 So.2d 353 (Fla. 2d DCA 2000). However, because George stated a facially sufficient claim,[2] the trial court erred in not attaching those portions of the rec- ' ord — such as the judgment and written sentence — that conclusively refute George’s claim. See Baxter v. State, 769 So.2d 1097 (Fla. 2d DCA 2000).
We reverse the order of the trial court and remand for further proceedings. If the trial court again denies George’s claim, it shall attach those portions of the record necessary to support its order. See id.
Reversed and remanded for further proceedings consistent with this opinion.
FULMER, A.C.J., and NORTHCUTT and CASANUEVA, JJ„ concur.

. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).

. See Daniels v. State, 771 So.2d 57 (Fla. 2d DCA 2000).