PER CURIAM.
Harold Dowe challenges the order of the trial court granting in part and denying in part his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) wherein he alleged that he was sentenced under an unconstitutional version of the 1995 sentencing guidelines. Dowe’s motion was directed towards two trial court cases. The trial court granted Dowe relief in trial court case number 97-3409F. However, the trial court found that Dowe was not entitled to relief in trial court case number 97-14310 because the date of the offense was outside the Heggs window.[1] See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000). The trial court did not attach any portions of the record, such as the information, which would support this finding. We affirm the trial court’s order as regards 97-3409F but reverse and remand for further proceedings on Dowe’s claim that he was illegally sentenced in case number 97-14310. If the trial court again denies Dowe’s claim on 97-3409F, it shall attach those portions of the record that conclu *625 sively refute the claim. See Baxter v. State, 769 So.2d 1097 (Fla. 2d DCA 2000).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
NORTHCUTT, A.C.J., and CASANUEVA and SALCINES, JJ., concur.

. In his motion, Dowe alleged that the offenses in both trial court cases fell within the Heggs window.