FULMER, Judge.
Terrance Lester appeals from the revocation of his community control in four cases, challenging the sufficiency of the evidence and the sentences imposed. We affirm the revocation but reverse and remand for resentencing.
After filing his notice of appeal, Lester filed a motion for correction of sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), challenging the constitutionality of the 1995 sentencing guidelines and requesting the trial court to strike the prison sentences erroneously imposed for two misdemeanor counts. Lester had previously served jail sentences on the misdemeanor counts and those counts should not have been at issue during the revocation of community control proceedings. The trial court denied the motion. In so doing, the court noted that the misdemeanor sentences were corrected when Lester was resentenced on August 28, 2001.
We reverse the trial court’s order denying the rule 3.800(b)(2) motion. The State concedes that the trial court was without jurisdictional authority to conduct a resen-tencing hearing on August 28, 2001, which was after the notice of appeal was filed but before the rule 3.800(b)(2) motion was filed. The August 28, 2001, sentencing documents, which the trial court attached to its order, are a nullity.
Because Lester’s felony offenses occurred on April 1 and 5, 1996, Lester may be entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000), if the sentences imposed for his felony offenses would be departure sentences under the 1994 guidelines. We direct the trial court on remand *336 to reconsider Lester’s sentence^ in accordance with Heggs. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000). We also direct the trial court to strike the sentences imposed for the misdemeanor offenses.
Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND, C.J., and KELLY, J„ Concur.